# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARY BRUEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-1247-HE |
| | ) | |
| STATE OF OKLAHOMA, ex rel,. THE | ) | |
| OKLAHOMA INDIGENT DEFENSE | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Mary Bruehl filed this action against the State of Oklahoma, *ex rel.*, the Oklahoma Indigent Defense System ("OIDS"), alleging various sorts of discrimination in connection with her former employment as an attorney in the Capital Trial Division of OIDS. OIDS has filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded, and the motion is at issue.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The question is whether the complaint contains "enough facts

1

to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Background

A detailed description of the alleged background facts is unnecessary here, as defendant's motion goes largely to issues of sovereign immunity rather than challenging the sufficiency of the factual allegations. According to the complaint,[1] plaintiff worked as an attorney in the OIDS Capital Trial Division in Norman, OK, for twelve years. She alleges she and other female employees were treated unfairly in various ways and that defendant responded improperly to her personal circumstances, including how it responded to her health condition and her efforts to care for her elderly mother. The complaint alleges that, after a number of intervening actions and developments detailed in the complaint, plaintiff was ultimately given the choice of resigning or being fired. She resigned on December 6, 2012.

Plaintiff filed this case in the District Court of Cleveland County and defendant subsequently removed the case to this court. In the complaint, plaintiff asserts claims under a section of the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1350,[2] alleging disability and gender discrimination. She also alleges violation of the Equal Pay Act, 29 U.S.C. § 203(d), and of the Family Medical Leave Act ("FMLA"). Defendant's motion seeks dismissal of the OADA claims and the FMLA claim.

---

[1] The "complaint" in this removed case is actually plaintiff's state court "petition."

[2] The complaint refers to the act as the "Oklahoma Discrimination in Employment Act", referencing 25 Okla. Stat. § 1350 in particular. Section 1350 is part of the OADA.

Discussion

OIDS challenges the OADA claims on the basis that it is an arm of the State of Oklahoma,[3] and that the State has not waived its sovereign immunity as to claims under that Act. 1301, *et. seq*., relying on, among other things, Elwell v. Oklahoma *ex rel*. Board of Regents of University of Oklahoma, 693 F.3d 1303 (10th Cir. 2012). Plaintiff counters that Elwell dealt with Eleventh Amendment immunity, not state sovereign immunity, and argues that Oklahoma has waived its immunity from suit under the OADA. She relies on Duncan v. City of Nichols Hills, 913 P.2d 1303 (Okla. 1996).

It seems clear enough that if defendant was relying here on Eleventh Amendment immunity, its argument would fail. Having removed the case to federal court, a state is deemed to have waived any reliance on the Eleventh Amendment. Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613 (2002). However, a state's sovereign immunity from suit is broader than just Eleventh Amendment immunity. In Alden v. Maine, 527 U.S. 706 (1999), the U. S. Supreme Court held that an unconsenting state was immune from a private party's suit under the Fair Labor Standards Act, even though the case was brought in state court. It discussed the distinction between Eleventh Amendment immunity and broader concepts of sovereign immunity this way:

> We have . . . sometimes referred to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment. Rather,

---

[3]*The complaint acknowledges that OIDS is a statutory state agency.*

> as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ."

Id. at 713.

While a state's sovereign immunity is broader than Eleventh Amendment immunity, it is not absolute. State sovereign immunity can be avoided or waived where Congress has specifically abrogated the immunity of the states and also where a state itself has waived its immunity or otherwise consented to be sued. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). In order for a state to waive its immunity, the waiver must be made by a "'clear declaration' that it intends to submit itself to [federal] jurisdiction." *Id.* at 675-676 (quoting Great N. Life Ins. Co. v. Read, 322 U.S. 47, 54 (1944)); *see also* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (holding that a state's consent to suit must be "unequivocally expressed"). Oklahoma has not generally waived its sovereign immunity. Rather, it has expressly invoked it as a matter of statute, subject to waiver to the extent set forth in its Governmental Tort Claims Act. 51 Okla. Stat. § 152.1. Here, plaintiff argues that Oklahoma has waived its sovereign immunity, arguing that adoption of the OADA implicitly effected the waiver. She principally relies on Duncan.

In Duncan, the Oklahoma Supreme Court concluded that 25 Okla. Stat. § 1901 authorized workplace disability discrimination suits against the government and that the notice provisions of Oklahoma's Governmental Tort Claims Act did not control over the

4

different time limits included in the OADA. *Id.* at 1310. It did so, in part, based on the fact that § 1901 specifically contemplated suits for redress of discrimination against any "person" and the Act defined "person" to include "the state or a governmental entity." *Id.*; 25 Okla. Stat. § 1201(3). However, the statutory scheme has since changed. *See* Act of May 18, 2011, ch. 270, 2011 Okla. Sess. Law Serv. Ch. 270 (West). Oklahoma law still defines "person" to include a state or governmental entity. But it no longer authorizes employment discrimination charges against "persons" generally, but now contemplates, as to employment discrimination,[4] only causes of action against an "employer." 25 Okla. Stat. § 1350.[5] And "employer" is defined more narrowly than "person." The term is defined to include entities which contract with the state or governmental entities, but not the state or those entities themselves.[6] Given this change in the statutory scheme, the court concludes an essential element of the basis for <u>Duncan</u>'s resolution of the tension between the OADA and the tort claims act, in the context of employment discrimination claims, has changed. While there is room for argument as to what the Oklahoma legislature intended by its use of the narrower

---

[4]*The OADA addresses discrimination in contexts other than employment. See generally,* 25 Okla. Stat. § 1101 et seq.

[5]*Section 1350(B) states, in pertinent part, that "[i]n order to have standing in a court of law to allege discrimination arising from an employment-related matter, in a cause of action <u>against an employer</u> for discrimination . . . ." the complaining party must comply with various requirements of the section (emphasis added).*

[6]*"'Employer' means: (a) a legal entity, institution or organization that pays one or more individuals a salary or wages for work performance, or (b) a legal entity, institution or organization which contracts or subcontracts with the state, a governmental entity or a state agency to furnish material or perform work." 25 Okl.St.Ann. § 1301(1).*

term "employer," the court is obliged to assume it meant something by the change. *See* Elwell, 693 F.3d at 1309-10 (10th Cir. 2012) ("Where [a legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [a legislature] acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting Russello v. United States, 464 U.S. 16, 23 (1983)). At the very least, the change undercuts reliance on the OADA's terms, or its general provision of a remedy, to constitute the clear or unequivocal expression necessary to effect a waiver of sovereign immunity. *See id.* at 1315 (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239–40 (1985)). "[T]he baseline [a court is] obliged to enforce is immunity and those seeking to show waiver bear the burden of showing room for no other reasonable construction of state law." *Id.*[7]

The court concludes plaintiff's claims against the state based on the OADA are barred by sovereign immunity.

With respect to the FMLA claims, OIDS argues they should be dismissed because Congress has not abrogated state immunity from suit under the self-care provision of the Act. *See* Coleman v. Court of Appeals, 132 S. Ct. 1327 (2012). Plaintiff contends that because she took leave, at least in part, to care for her elderly mother, she was covered by the family-

---

[7]*See also* Alden, *527 U.S. at 724 (1999) (state sovereign immunity) ("The handful of state statutory and constitutional provisions authorizing suits or petitions of right against States only confirms the prevalence of the traditional understanding that a State could not be sued in the absence of an express waiver . . . .").*

6

care provision of the Act, for which Congress has abrogated state immunity. *See* Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721 (2003).

Both parties are correct. While the Supreme Court determined in Hibbs that Congress abrogated state immunity from suits brought under 29 U.S.C. § 2612(a)(1)(C), which provides leave to care for a close relative (including a parent), the Court did not reach the same result as to § 2612(a)(1)(D), which provides leave for a personal medical condition. Coleman, 132 S. Ct. at 1333-35. The Court reasoned that, while family-care leave policies are prone to gender stereotypes that suggest caring for a family member is the job of a woman, the same is not true for self-care leave policies. *Id.* It therefore concluded Congress lacked the power under Section 5 of the Fourteenth Amendment to abrogate state immunity from suits brought under the self-care provision. *Id.* Applying these principles here, the court concludes defendant's motion to dismiss as to the FMLA claim should be granted insofar as the claim is premised on the self-care provision of the Act, but denied insofar as it relies on a family-care basis.[8]

For the reasons stated, defendant's partial motion to dismiss [Doc. #14] is **GRANTED** as to plaintiff's claims under the Oklahoma Anti-Discrimination Act and the self-care provision of the Family Medical Leave Act. The motion is otherwise **DENIED**.

---

[8]*OIDS also moved to dismiss plaintiff's claims on the basis that neither the OADA nor the FMLA recognize claims for a plaintiff "regarded as" having a disability or illness. It is unnecessary to belabor those arguments, as the OADA and FMLA self-care claims are dismissed on other grounds, and the "regarded as" argument has no apparent bearing on the FMLA family-care claim.*

7

**IT IS SO ORDERED**.

Dated this 25th day of March, 2014.

*/s/ Joe Heaton*
JOE HEATON
UNITED STATES DISTRICT JUDGE