# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY BRUEHL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-13-1247-HE |
| ) | |
| STATE OF OKLAHOMA, ex rel. ) | |
| THE OKLAHOMA INDIGENT DEFENSE ) | |
| SYSTEM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff brought this action against the Oklahoma Indigent Defense System ("OIDS") alleging disability and gender discrimination claims under the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1350, as well as violations of the Equal Pay Act, 29 U.S.C. § 203(d), and of the Family Medical Leave Act ("FMLA"). The court previously entered an order dismissing plaintiff's claims under the OADA and the self-care provision of the FMLA. [Doc. #22]. Plaintiff has now filed a motion for reconsideration of the court's dismissal of her OADA claims.

The parties disagree over the proper characterization of plaintiff's motion and the standard by which it should be judged. Plaintiff relies on the Fed. R. Civ. P. 59 standard for altering or amending a judgment. Defendant asserts the Fed. R. Civ. P. 60(b) standard, also involving relief from a final judgment, should apply.[1] However, neither Rule 59 or Rule 60 are applicable in the circumstances existing here. This is not a post-judgment situation.

---

[1]*Defendant also relies on inertia and the natural reluctance of district judges, who almost always get it right the first time, to permit "do overs."*

Rather, the order of which plaintiff seeks reconsideration is interlocutory in nature. A district court always has discretion to revise its interlocutory orders up to the point where judgment is entered, and is not bound by the standards of Rule 59(e) or 60(b) in doing so. Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *see also* Trujillo v. Bd. of Education, 212 F. App'x 760 (10th Cir. 2007).

Here, in the exercise of its discretion, the court concludes plaintiff's motion should be granted as to the sovereign immunity defense. While the basis for reconsideration involves a shift of position on the part of plaintiff, which would normally counsel against entertaining reconsideration, the court concludes, given the early-stage status of the case, the intricacies of the various sovereign immunity doctrines, and the more thorough briefing now available, that the better course is to revisit the sovereign immunity issue.

## Discussion

In its partial motion to dismiss [Doc. #14], defendant argued that the OADA claims should be dismissed because OIDS, as an arm of the State, had not waived its sovereign immunity from suit. Plaintiff responded to the contrary, arguing that the State did waive its sovereign immunity when it adopted the OADA. *See* [Doc. #17, pg. 7] ) ("In other words, the [Oklahoma] Legislature has expressly waived the State's immunity in enacting the OADA, and the State is subject to suit based on violations of the OADA, despite OIDS' claims in this matter."). The court addressed the issue as then posed by the parties—has Oklahoma <u>waived</u> its sovereign immunity? The court concluded, for the reasons stated in

the March 25, 2014, order, that a waiver of sovereign immunity had not been established.

Now, on motion for reconsideration, plaintiff urges a different theory. She now argues that the issue is not one of waiver, but rather one of whether Oklahoma has ever invoked sovereign immunity in the first place as to claims against it under the OADA.

There are two types of sovereign immunity which may be available to a State. *See* Trant v. Oklahoma, --- F.3d ---- , 2014 WL 2199365 (10th Cir. May 28, 2014). While the doctrines are sometimes described by different names, they can generally be described as 1) immunity from suit in federal court, and 2) immunity from liability. *See id*. Immunity from suit in federal court is often called Eleventh Amendment immunity, although it "is neither derived from nor limited by the Eleventh Amendment." Meyers *ex rel.* Benzing v. Texas, 410 F.3d 236, 241 (5th Cir. 2005). Immunity from liability is sometimes referred to as "common-law sovereign immunity." *See, e.g.*, JMA Energy Co., LLC v. State *ex rel.* Dep't of Transp., 278 P.3d 1053, 1055 (Okla. Civ. App. 2012).

Eleventh Amendment immunity is not at issue here. Oklahoma's removal of the case to federal court effects a waiver of its Eleventh Amendment immunity. Lapides v. Bd. of Regents of Univ. Sys. of Geo, 535 U.S. 613 (2002). Rather, the question here is whether "immunity from liability" or "common law" sovereign immunity bars plaintiff's OADA claim.

Immunity from liability, or common law immunity, can also be waived by a state, and that was the focus of the court's earlier order. Like the parties, the court essentially assumed that Oklahoma had invoked sovereign immunity generally and viewed the issue as whether

3

Oklahoma had waived that immunity as to OADA claims. However, as noted above, the argument now advanced by plaintiff is not that Oklahoma <u>waived</u> its sovereign immunity but that, as to claims under the OADA, it never <u>invoked</u> it in the first place.

<u>Trant</u> makes clear that the "nature and scope" of a state's common law immunity is a question of state law. 2014 WL 2199365 at *11. In Oklahoma, the doctrine of governmental immunity existed for many years as a judicial creation. Then, in <u>Vanderpool v. State</u>, 672 P.2d 1153, 1155 (Okla. 1983), the Oklahoma Supreme Court abolished the judicially-created doctrine and governmental immunity thereafter existed only as established by statute. <u>State *ex rel.* State Ins. Fund v. JOA, Inc.</u>, 78 P.3d 534, 539 (Okla. 2003). The Oklahoma legislature adopted sovereign immunity in the Government Tort Claims Act ("GTCA"), 51 Okla. Stat. § 152, and waived it "only to the extent and in the manner provided in" the GTCA. <u>Hull v. Wellston Indep. Sch. Dist. I 004</u>, 46 P.3d 180, 182 (Okla. Civ. App. 2001). While the language of the GTCA arguably adopts sovereign immunity in general ("The State of Oklahoma does hereby adopt the doctrine of sovereign immunity."), the Oklahoma cases have viewed the "adoption" as applying only to cases sounding in tort. *See* <u>JOA</u>, 78 P.3d at 537 (concluding GTCA established immunity only as to torts); *see also* <u>JMA</u>, 278 P.3d at 1057 (discussing <u>JOA</u>) ("The Court rejected the State's reliance on the adoption of sovereign immunity by the legislature in the [GTCA] because the [GTCA] only establishes sovereign immunity with respect to tort actions.").

Against this backdrop, the question, as now urged by plaintiff, becomes whether claims under the OADA are torts within the meaning of the GTCA. If they are, then OIDS,

4

as an arm of the State, is immune from liability under the GTCA unless Oklahoma has waived its immunity. If OADA claims are not torts within the scope of the GTCA, then (absent some other statutory invocation of immunity) no basis for sovereign immunity exists in the first place and the issue of waiver does not arise.

The Oklahoma courts appear to have concluded that OADA claims are not torts within the meaning of the GTCA. In Duncan v. City of Nichols Hills, 913 P.2d 1303 (Okla. 1996), the Oklahoma Supreme Court held that time limits under the GTCA do not apply to OADA claims. *Id.* at 1309-10 ("We find it apparent from the language of the two acts that the legislature intended the [GTCA] to apply to tort actions brought against the state or a political subdivision, whereas the [OADA] statutes were intended to provide redress for the types of discrimination embodied in the federal Civil Rights Acts, even where the action is brought against the state or a political subdivision."). While Duncan did not squarely address the question of whether sovereign immunity applied to an OADA claim, it does appear to have concluded that an OADA claim is not a tort claim within the meaning of the GTCA. *See* Pellegrino v. State *ex rel.* Cameron Univ. *ex rel.* Bd. of Regents of State, 63 P.3d 535, 539 (Okla. 2003) (discussing OADA claims as examples of claims that do not fall under the GTCA because they are not tort claims); *see also* Wright v. KIPP Reach Acad. Charter Sch., CIV-10-989-D, 2011 WL 1752248 (W.D. Okla. May 6, 2011) (citing Duncan) ("[T]he OADA's prohibition against handicap discrimination is not a tort claim subject to the GTCA, but is a statutory claim.").

The conclusion that OADA claims are not "tort" claims within the meaning of the

5

GTCA is less than obvious. The reach of the GTCA's invocation of sovereign immunity is a matter of legislative intent and the Oklahoma legislature enacted a specific definition of "tort" for the purposes of the Act. 51 Okla. Stat. § 152(14).[2] The statutory definition of tort appears to encompass more than the conventional, textbook definition of tort and arguably extends to the wrongs made actionable by the OADA. However, the breadth of the statutory definition was among the issues apparently considered by the Duncan court, as it reversed the state intermediate appellate court's reliance on the statutory definition in concluding an OADA claim was a "tort." Duncan, 913 P.2d at 1305 ("However, the Court of Appeals disagreed, finding Duncan's claim to be a tort as defined by the Act."). In any event, notwithstanding the arguably broader statutory definition, the Oklahoma Supreme Court appears to have concluded an OADA claim is not a "tort" under the GTCA and, as the question is a matter of state law, its decision on the matter is the last word.[3]

Because the GTCA applies only to tort claims, and claims brought pursuant to the

---

[2]*"'Tort' means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment." 51 Okla. Stat. § 152(14).*

[3]*The Tenth Circuit's decision in Elwell v. Oklahoma, 693 F.3d 1303 (10th Cir. 2012), is not to the contrary. While that decision appears to have assumed (as did this court in the first instance) that Oklahoma had invoked generally the doctrine of sovereign immunity, it was focused on whether Oklahoma had waived sovereign immunity, not whether it was invoked as to an OADA claim in the first place. Further, the immunity at issue there was Eleventh Amendment immunity, not immunity from liability, leading the court to note that "how Oklahoma chooses as a matter of state law to define 'tort' actions is neither here nor there. The question before us—whether a state has effected a waiver of sovereign immunity—is one of federal law." Id. at 1315. Here, as discussed above, the question is otherwise.*

OADA are not tort claims, OIDS must identify some other statute as the basis for sovereign immunity from OADA claims. JOA, 78 P.3d at 539 ("[The state agency] must point to some statute that creates this immunity . . . ."). OIDS does not identify any such statute, but relies only on this court's previous analysis based on the definitions of "employer" and "person" under the OADA. However, that analysis was directed to the question of whether the OADA's language effected a waiver of sovereign immunity, not whether it invoked immunity in the first instance. While a reading of the statute may very well lead to more than one interpretation, "[i]mmunity cannot be read into a legislative text that is silent, doubtful or ambiguous." JMA, 278 P.3d at 1057 (quoting Gunn v. Consol. Rural Water & Sewer Dist. No. 1, Jefferson Cnty., 839 P.2d 1345, 1349 (Okla. 1992)). The language of the OADA does not reflect a clear or unambiguous assertion of sovereign immunity as to such claims. Whatever other issues may exist by reason of the referenced definitions, they do not constitute an affirmative assertion of sovereign immunity.

Based on the foregoing, and having concluded that plaintiff's assertion of a different basis for her position is not impermissible in these circumstances, the court concludes plaintiff's state law claim under the OADA is not barred by the doctrine of immunity from liability (i.e. common law immunity).

Plaintiff's motion for reconsideration [Doc. #24] is **GRANTED**. The court's previous order [Doc. #22] is **VACATED** as it relates to plaintiff's claim under the Oklahoma Anti-Discrimination Act and defendant's motion to dismiss [Doc. #14] is **DENIED** as to that claim. This order does not impact the earlier order [Doc. #22] insofar as it addressed plaintiff's

claims under the Family Medical Leave Act.

**IT IS SO ORDERED**.

Dated this 24th day of June, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE